**CLOSED**

**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
TEAMSTERS LOCAL 945, affiliated with )
the INTERNATIONAL BROTHERHOOD )       Civ. Docket No.  08-3471 (FSH)
OF TEAMSTERS, )
        )
        Plaintiff, )
        )
    v. )       **OPINION & ORDER**
        )
WASTE MANAGEMENT OF NEW )
JERSEY, INC., )       Date: June 18, 2009
        )
        Defendant. )
_____)

**Introduction**

        This matter comes before the Court upon Plaintiff's Motion for Summary Judgment,

seeking to vacate an arbitration award entered on March 27, 2008.  Defendant opposes Plaintiff's

motion and cross-moves for summary judgment, seeking to confirm the arbitration award.  This

Court has considered the submissions of the parties pursuant to Fed. R. Civ. P. 78.

**Factual and Procedural Background**

        Waste Management of New Jersey, Inc. ("Waste Management"), is a business which

collects, transports and disposes of solid waste.  Local 945, International Brotherhood of

Teamsters, ("Local 945"), is a labor organization which is the exclusive bargaining representative

for several classes of employees employed by Waste Management.  Waste Management and

Local 945 have been parties to a series of collective bargaining agreements for several years.  The

dispute in the instant case centers around the interpretation of certain language contained in the collective bargaining agreement that was in effect from 2004-2009.

Local 945 represents the drivers and helpers in Waste Management's Lafayette, New Jersey, district who collect municipal solid waste. Waste Management's employees involved in the recycling business were represented by a different union, Laborer's International Union of North America, Local 734. In the Summer 2006, Waste Management's Lafayette District closed its last recycling facility and separately, Local 734 was put into trusteeship. Therefore, Waste Management determined that it made business sense to consolidate the recycling and municipal waste operations.

Upon consolidation, the Local 734 members were merged into Local 945. Subsequently, a dispute arose about the proper rate of pay for three recycling helpers who were former Local 734 members. The Local 945 Collective Bargaining Agreement contained two different wage scales for the helper position. Local 945 members in the helper position who were hired by Waste Management before July 1, 1999 had a higher rate of pay. The Union maintained that the three former 734 members should receive the higher rate of pay under the Local 945 agreement because their original dates of hire with Waste Management were before July 1, 1999. The Company argued that because these helpers were not Local 945 members prior to July 1, 1999, they were not entitled to receive the higher wage rate. Because Local 945 and Waste Management were unable to resolve the dispute, Local 945 submitted the matter to binding labor arbitration under the Local 945 agreement.

Arbitrator James P. Begin held an evidentiary hearing on January 29, 2008 and issued his Opinion and Award on March 27, 2008. Arbitrator Begin denied Local 945's grievance, finding

that Waste Management's payment of the lower rate was appropriate under the terms of the Local 945 agreement.

Local 945 seeks to vacate the arbitration award pursuant to § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a).  Waste Management opposes Local 945's attempt to overturn the award issued by Arbitrator Begin, and instead seeks to have the Court confirm the Begin Award pursuant to the LMRA.

### Legal Standard

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material if it might affect the outcome of the case, and an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (2007).  All facts and inferences must be construed "in the light most favorable to the non-moving party."  *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994).

The party seeking summary judgment must initially provide the court with the basis for its motion.  *Celotex Corp.*, 477 U.S. at 323.  This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden.  *Id.* at 322-23.   Once the party seeking

summary judgment has carried this initial burden, the burden shifts to the nonmoving party.  To avoid summary judgment,  the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Rule 56(e).

Local Civil Rule 56.1 of this Court also requires that, on motions for summary judgment, each side must submit statements identifying material facts as to which there does or does not exist a genuine issue.  "[F]acts submitted in the statement of material facts which remain uncontested by the opposing party.

With respect to this Court's ability to review the decision of the Arbitrator, the Third Circuit has indicated that "[d]istrict courts have very little authority to upset arbitrator's awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). Moreover,  a court "may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract," but must enforce the award so long as "the arbitrator has <u>arguably</u> construed or applied the contract, regardless of [whether] ... a court is convinced that [the] arbitrator has committed a serious error."  *News America Publications, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990).  *See also Roberts & Schaefer Co. v. Local 1846, United Mine Workers of America*, 812 F.2d 883, 885 (3d Cir. 1987) ("Even when the award was 'dubious,' and the result one that we would not have reached had the matter been submitted to the court originally, we have upheld the arbitrator's decision.") (quotations omitted).  The Third Circuit has gone so far as to state that where "it is <u>possible</u> that the arbitrator could have been interpreting the contract, his [or her] failure to apply correct contract principles

is irrelevant"; in fact, "the arbitrator's contract interpretation must be <u>irrational</u> before a reviewing court may disturb the award." *Arco-Polymers, Inc. v. Local 8-74*, 671 F.2d 752, 755 (3d Cir. 1982), cert denied, 459 U.S. 828 (1982) (emphasis added).

The policy animating this strict standard is the idea that "it is the arbitrator's construction [of the contract] which was bargained for" by the parties to a given collective bargaining agreement and, as such, so long as an award "draws its essence from [that] collective bargaining agreement," a court has "no business overruling [the arbitrator]." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598-99 (1960); *see also Teamsters Union Local No. 115, of Philadelphia, Pa. v. DeSoto, Inc.*, 725 F.2d 931, 934-35 (3d Cir. 1984); *G.B. Goldman Paper Co. v. United Paperworkers Intern. Union, Local 286*, 957 F.Supp. 607, 615 (E.D.Pa. 1997). "An arbitration award draws its essence from the bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention." *United Transp. Union Local 1589*, 51 F.3d at 379-80. Thus an arbitration award will not be vacated unless it is clear that the award fails to "draw its essence" from the Agreement, or if it can be demonstrated that: (1) there was fraud, partiality, or other misconduct on the part of the arbitrator, (2) the arbitrator displayed "manifest disregard" for a specific law or statute, (3) the award is too vague and ambiguous for enforcement, or (4) the award is inconsistent with public policy. *See Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969); *see also Super Tire Engineering Co. v. Teamsters Local Union No. 676*, 721 F.2d 121, 123-24 (3d Cir. 1983), and *Chamberlain Mfg. Co. v. Local Lodge No. 847*, 474 F. Supp.2d 682, 683-84 (M.D.Pa. 2007). Courts have found this to be particularly true in the context of organized labor: recently, the

Third Circuit observed that "the United States Supreme Court has consistently held that courts exercise a narrow and deferential role in reviewing arbitration awards arising out of labor disputes." *Pennsylvania Power Co. v. Local Union No. 272, Intern. Broth. of Elec. Workers, AFL-CIO*, 276 F.3d 174, 178 (3d Cir. 2001); see also *Ludwig*, 405 F.2d at 1128 ("[W]e must conclude that such a philosophy of restricted review compels even less judicial interference in matters arising from labor arbitration.").

**<u>Discussion</u>**

The parties agree that summary judgment is appropriate at this juncture, that there are no genuine issues of material fact, and that this Court may enter judgment as a matter of law, pursuant to Rule 56.

Plaintiff moves to vacate Arbitrator Begin's award because, in Plaintiff's view: 1) Arbitrator Begin ignored the plain language of Article 11 of the collective bargaining agreement; 2) the award does not derive its essence from the Agreement; and 3) the award reflects Arbitrator Begin's own notions of "industrial justice."

Plaintiff's arguments lack merit because the arbitrator clearly discussed his arguable interpretation of the contract to resolve the dispute. The Court finds that the arbitrator's reasoning and decision are rational. There have been no allegations of dishonesty, fraud, or misconduct, nor has Plaintiff argued that the decision is contrary to public policy. There is no basis to find that the arbitrator ignored the plain language of the collective bargaining agreement. Nor is there any basis for this Court to find that the arbitrator imposed his own brand of industrial justice.

Local 945 asserts that the arbitrator's award should be vacated because it claims that he ignored the language of Article 11 of the Agreement.  Local 945 argues that because the three helpers in question were hired before July 1, 1999 by Waste Management that they should receive payment under the higher wage scale.  Waste Management disputes this argument, instead contending that Arbitrator Begin properly interpreted the wage scale contained in Article 11 in light of other relevant sections of the collective bargaining agreement, including Articles 1, 9 and 30.

The Arbitrator determined that the language in Article 11 had to be read in conjunction with the Recognition Clause contained in Article 1 which recognizes Local 945 as "the Union as the sole and exclusive bargaining agent on behalf of its employees as classified in Article 11 . . . with regard to wages, hours, and all other terms and conditions of employment."  In his award, Arbitrator Begin concluded that "seniority and the benefits that flow from the date of original hire are the creature of a specific labor contract covering a specific bargaining unit."  In so finding, the Arbitrator considered each of the various provisions in the Local 945 agreement that addressed seniority dates following different types of consolidation (for example, transfer of a Local 945 employee from one facility to another and where Waste Management acquires another Local 945-represented company).[1]  Based on the language in the agreement, Arbitrator Begin concluded that the agreement did not contain a provision providing credit for previous service

_____

[1]  Article 30 indicates that seniority is dovetailed for employees coming into this bargaining unit only when one Local 945 company buys another local 945 company.  Article 11(E) suggests that the only circumstance in which a new employee coming into the Local 945 bargaining unit gets credit for his previous service for wages is when the employee was employed under the Local 945 agreement with another employer.  Pursuant to Local 9(D), seniority within Local 945 is facility specific; if a Local 945 employee is transferred to another Local 945 facility, his seniority is dovetailed.

with Waste Management for his seniority, pay and benefits for a Waste Management employee who is represented by a different union and subsequently hired into the Local 945 bargaining unit.

Arbitrator Begin rejected the interpretation proposed by the Union, instead accepting Waste Management's argument that Article 11 must be read in conjunction with Article 1's Recognition Clause. The arbitrator specifically considered and referenced Article 11 in light of the language in Articles 1, 9 and 30. It is within the arbitrator's discretion to read together different provisions of the collective bargaining agreement and reconcile them in order to give the provisions effect. *See Brentwood Medical Assoc. v. United Mineworkers of America*, 396 F.3d 237, 243 (3d Cir. 2005). It is clear that Begin's award draws its essence from the collective bargaining agreement. Begin's interpretation can "in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention." *United Transp. Union Local 1589*, 51 F.3d at 379-80 (internal quotation marks omitted). Arbitrator Begin considered the parties' intentions in forming the collective bargaining agreement, the language of the agreement, and the rational effects of both parties' interpretations. The arbitrator's interpretation of Article 11 is rationally derived from the agreement, and the record contains support for the arbitrator's determination. Because this Court concludes that the arbitrator's award draws its essence from the collective bargaining agreement, the award must be confirmed.

For these reasons **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate the Arbitrator's award is **DENIED**, and Defendant's cross-motion to confirm the arbitration award is **GRANTED**.  This case is hereby **CLOSED**.

/s/  Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.